ereign immunity and the Eleventh Amendment. Although the decisions cited in support of the dismissal appear to be exclusively sovereign immunity cases, *Howell* concluded that the Port Authority was a state agency rather than a political subdivision, a conclusion that would support immunity under the Eleventh Amendment. 34 F.Supp. at 800–01.

We concede that the statute's use of the term "venue" is somewhat anomalous in the Eleventh Amendment context. We conclude, however, that the use of that term in no way undermines our conclusion that the provision evidences an intent to allow the Port Authority to be sued in the designated federal courts and is thus an explicit waiver, albeit partial, of the Eleventh Amendment. If such an intent is not attributed to the provision, then the provision is entirely meaningless. PATH's sole attempt to give meaning to the language in question is to argue that it relates to actions that may be brought in federal court where Congress has abrogated the Eleventh Amendment. PATH has failed to provide specific examples of any such cases, however. In any event, this argument is wholly unconvincing. First, it is inconsistent with the Legislative Annual's reference to *Howell*. Second, where Congress has abrogated the Eleventh Amendment immunity, states hardly need pass legislation waiving that abrogated immunity and have no power to determine the proper "venue" for actions brought pursuant to the abrogation.

We conclude, therefore, that the statutory provision establishing "venue" for suits against the Port Authority in United States courts is a waiver of the Eleventh Amendment.[3]

Reversed and remanded.

Charles T. **FOSTER**,
Plaintiff–Appellant,

v.

**PORT AUTHORITY TRANS–HUDSON CORPORATION, Defendant–Appellee.**

No. 704, Docket 88–7924.

United States Court of Appeals,
Second Circuit.

Argued Feb. 8, 1989.
Decided April 26, 1989.

Richard W. Miller, Islip, N.Y. (Peter M.J. Reilly, O'Hagan and Reilly, Islip, N.Y., of counsel), for plaintiff-appellant.

Arthur P. Berg, New York City (Patrick J. Falvey, Anne M. Tannenbaum, New

**3.** PATH also relies on *Florida Dep't of Health and Rehabilitative Servs. v. Florida Nursing Home Ass'n,* 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (per curiam), *reh'g denied,* 451 U.S. 933, 101 S.Ct. 2008, 68 L.Ed.2d 319 (1981), which involved a suit brought by an association of nursing homes against an agency of the state of Florida. The association sought retroactive relief for the state's previous failure to reimburse the nursing homes as required by the state's participation in the federal Medicaid program. The Supreme Court held that the Eleventh Amendment barred the suit. The Court stated that: (i) "the 'mere fact that a State participates in a program through which the Feder-

al Government provides assistance ... is not sufficient to establish consent on the part of the State to be sued in the federal courts'"; (ii) a "State's general waiver of sovereign immunity ... 'does not constitute a waiver by the State of its constitutional immunity under the Eleventh Amendment from suit in federal court'"; and (iii) "the fact that the [State] agreed explicitly to obey federal law in administering the program can hardly be deemed an express waiver of Eleventh Amendment immunity." *Id.* 450 U.S. at 150, 101 S.Ct. at 1034 (citation omitted). We fail to see the relevance of that holding in the context of a provision that expressly allows actions to be brought in federal courts.

**634**

York City, of counsel), for defendant-appellee.

Before KEARSE and WINTER, Circuit Judges, and SWEET, District Judge.[*]

PER CURIAM:

This case raises precisely the same issue as that decided this day in *Feeney v. Port Authority Trans–Hudson Corporation,* (2d Cir.1989). 873 F.2d 628. We reverse and remand for the reasons stated in that opinion.

**Rudolf A. NORMAN and Thomas G. Bassett, Plaintiffs–Appellants,**

**v.**

**NIAGARA MOHAWK POWER CORPORATION, Defendant–Appellee.**

**No. 481, Docket 88–7496.**

United States Court of Appeals, Second Circuit.

Argued Nov. 30, 1988.

Decided April 27, 1989.

---

[*] The Hon. Robert W. Sweet, United States District Judge for the Southern District of New York, sitting by designation.